Per Curiam.

This is an action by plaintiff, as subrogee of Hertz, Neumark & Warner, to recover the proceeds of two checks bearing forged indorsements paid by defendant. Defendant brought a third-party action based upon the guarantee of all prior indorsements. A registered representative of Hertz, Neumark & Warner received a telephone call from a friend referring two individuals who wished to sell certain securities through the brokerage firm. Information concerning these customers was given over the phone by the friend to the registered representative who recorded it on account cards. He did not contact the customers, attempt to verify any of the information and did not know whether the named customers actually existed. Nothing was sent to these customers. After discovery that the securities were stolen, the registered representative and plaintiff conducted an investigation where they were unable to connect the customers with their purported employer or with any of the addresses which were given for them.
The friend who referred these customers advised the registered representative that he had just met them. He supplied the numbers of the stock certificates and requested the registered representative to check to ascertain if these securities were transferable. No check was made to discover if the certificates were transferable other than telephone calls to the transfer agents who refused to provide this information over *621 the telephone. Hertz, Neumark & Warner was subject to the New York Stock Exchange “know your customer” rule.
The trial court did not accord this rule the weight of established business custom. It held the defense of negligence on the part of Hertz, Neumark & Warner was not available since it was not the proximate cause of the loss.
Section 3 — 406 of the Uniform Commercial Code provides: “ Any person who by his negligence substantially contributes * * * to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority * * * against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s or payor’s business.”
This section abandons the language of the older cases (negligence which directly and proximately affects the conduct of the bank in passing the forgery), shortened the chain of causation, and modified the doctrine by specifying negligence which substantially contributes to the making of an unauthorized signature (Thompson Maple Prods. v. Citizens Nat. Bank, 211 Pa. Super. Ct. 42). The Practice Commentary in McKinney’s Consolidated Laws of New York under section 3-406 indicates that the section gives statutory sanction to the duty of a drawer to protect the drawee against forgeries, imposes additional duties on a bank’s customer, and will increase the duty of care owed to the drawee by the one who sets the instrument in motion.
It was error to apply the proximate cause test and to fail to give weight to the ‘ ‘ know your customer ’ ’ rule. That rule formulates reasonable commercial standards by requiring the broker to use due diligence to learn the essential facts relative to its customers (Hartford Acc. & Ind. Co. v. Walston & Co., 21 N Y 2d 219). In this case Hertz, Neumark & Warner did not contact its customers or attempt to verify the information it had. This negligence was compounded by its failure to inquire, after being advised that the person recommending the new customers just met them and requested the broker to check whether or not the stock certificates were good. Inquiry before the transactions would have revealed the information which was ultimately discovered after the loss. Hertz, Neumark & Warner’s negligence in the handling of the transactions substantially contributed to the issuance of the checks in payment for the stolen securities and the resulting unauthorized signatures, thereby breaching its duty to defendant created by section 3-406 of the Uniform Commercial Code.
*622 The judgments should be reversed with $30 costs and the complaint and third-party complaint dismissed with costs.
Concur — Quinn, J. P., Cold and Markowitz, JJ.
Judgments reversed, etc.